1  Nathaniel Sterling, State Bar No. 215734
   STERLING LAW FIRM
2  4790 Dewey Drive, Suite A
   Fair Oaks, California 95628
3  Phone: 916-801-4386

4  Attorney for Plaintiffs

5

6                UNITED STATES DISTRICT COURT

7             FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9  Filip Novac; Iudita Novac; A.N., a minor, by and        CASE NO.:
   through his guardian ad litem; R. N., a minor, by
10 and through her guardian ad litem; C.N., a minor,       COMPLAINT FOR DAMAGES
   by and through his guardian ad litem; A.N., a           BASED ON:
11 minor, by and through his guardian ad litem; I.N.,
   a minor, by and through her guardian ad litem,          1. **Violation of Federal Civil**
12                                                             **Rights (42 USC section 1983)**
                                                           2. ***Monell*-Related Claims**
13              Plaintiffs,                                 3. **Violation of State Civil**
                                                              **Rights**
14         vs.                                              4. **Intentional Infliction of**
                                                              **Emotional Distress**
15 County of Sacramento, a public entity; Chandra          5. **Assault**
   Stewart, in her individual capacity; Catherine          6. **Battery**
16 Bryant, in her individual capacity; Sonya Howell,       7. **False Imprisonment**
   in her individual capacity; Tong Vang, in               8. **Abuse of Process**
17 individual capacity; and DOES 1 through 100,            9. **Invasion of Privacy**
   inclusive,                                              10. **Declaratory Relief**
18                                                         11. **Fraud, Deceit, False Pretense**
                                                           12. **Negligence, Negligence Per**
19              Defendants.                                    **Se, Negligent Hiring,**
                                                              **Training, Retention and/or**
20                                                            **Supervision**
                                                           **[JURY TRIAL DEMANDED]**
21

22

23

24

25

26

27

28

STERLING LAW FIRM
4790 Dewey Drive
Fair Oaks, CA. 95628
TEL. 916-801-4386

Plaintiffs complain against defendants and demand a trial by jury of all issues except costs and attorneys' fees, and for causes of action allege the following:

<u>Nature of the Claims</u>

1.     This is an action for declaratory, injunctive and equitable relief, for monetary damages and attorney fees, to redress Defendant's unlawful conduct against Plaintiffs, including Defendant's unlawful taking and imprisonment of Plaintiff Filip and Iudita Novac's children into multiple foster care homes and subjection to child abuse.

2.     Defendants' conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiffs, which has caused and continues to cause Plaintiffs to suffer substantial economic and non-economic damages, permanent harm to personal reputation, and severe mental anguish and emotional distress, and entitles Plaintiffs to punitive and/or exemplary damages.

<u>The Parties</u>

3.     Plaintiffs are individuals residing in Sacramento County, California.  Plaintiffs Filip Novac and Iudita Novac are the parents of the minor Plaintiffs A.N., R.N., C.N., A.N., and I.N., whose initials are used to protect their privacy.

4.     Defendant County of Sacramento ("County") was and is a public entity.

5.     The Sacramento Department of Health & Human Services Agency ("DHHS") was and is a subdivision, entity or administrative arm of the County of Sacramento.

6.     At all times applicable herein, social worker Chandra Stewart was an individual residing, on information and belief, in the County of Sacramento, and an officer, agent and/or employee of County and DHHS.  Said Defendant is sued herein in her individual capacity as tortious employee of County.

7.     At all times applicable herein, social worker Catherine Bryant was an individual residing, on information and belief, in the County of Sacramento, and an officer, agent and/or employee of County and DHHS.  Said Defendant is sued herein in her individual capacity as tortious employee of County.

STERLING LAW FIRM
4790 Street Drive
Fair Oaks, CA 95628
TEL: 916-863-4388

8.      At all times applicable herein, social worker Sonya Howell was an individual residing, on information and belief, in the County of Sacramento, and an officer, agent and/or employee of County and DHHS.  Said Defendant is sued herein in her individual capacity as tortious employee of County.

9.      At all times applicable herein, social worker Tong Vang was an individual residing, on information and belief, in the County of Sacramento, and an officer, agent and/or employee of County and DHHS.  Said Defendant is sued herein in individual capacity as tortious employee of County.

10.     Hereinafter, when referred to collectively, the above social worker Defendants will be referred to as "Social Worker Defendants".

11.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants named herein as Does 1 through 100, inclusive, are unknown to Plaintiff who therefore sues said defendants by fictitious names (the "Doe Defendants"). Plaintiff will amend this complaint to allege their true names and capacities when such have ascertained. Upon information and belief, each of the Doe Defendants herein is responsible in some manner for the occurrences herein alleged, and Plaintiffs' injuries as herein alleged were proximately caused by such Defendants' acts or omissions. (All of the Defendants, including the Doe Defendants, collectively are referred to as "Defendants").

12.     Whenever in this Complaint reference is made to any act of Defendants, such allegations shall be deemed to mean all named Defendants including all Doe Defendants, or their officers, agents, managers, representatives, employees, heirs, assignees, customers, etc. did or authorized or ratified such acts while actively engaged in the operation, management, direction or control of the affairs of Defendants and while acting within the course and scope of their duties, except as specifically alleged to the contrary.

13.     At all times herein mentioned and with respect to the specific matters alleged in this Complaint, Plaintiff is informed and believes that each Defendant (including DOES 1 through 50), was a parent, subsidiary, affiliate, alter ego, partner, agent, franchisee, licensee, employee, employer, controlling franchiser, controlling licensor, principal, and/or joint venturer of each of the remaining Defendants, and was at all times acting within the course and scope of

STERLING LAW FIRM
6700 Stout Drive
Fair Oaks, CA, 95628
TEL: 916-851-4389

such agency, service, employment, control and/or joint venture, and each defendant has ratified, approved, conspired in, profited from and/or authorized the acts of each of the remaining Defendants and/or failed to prevent such acts when having the power and/or duty to do so, with full knowledge of said acts.

<u>Jurisdiction and Venue</u>

14.     This United States ("US") District Court has jurisdiction over this action pursuant to 42 U.S.C. §1983 to redress the deprivation by Defendants, at all times herein acting under color of state law, of rights secured to Plaintiffs under the US Constitution, including the First, Fourth, and Fourteenth Amendments, and under federal and state law.  This action involves federal questions regarding the deprivation of Plaintiffs' civil and Constitutional rights. Jurisdiction is conferred on this Court by 28 USC sections 1343(a)(3) and 1343(a)(4) which provide for original jurisdiction in this Court of all suits brought pursuant to 42 USC section 1983.  Jurisdiction is also conferred by 28 USC section 1331 because claims for relief derive from the US Constitution and laws of the US.  The Court has supplemental jurisdiction over Plaintiffs' related claims arising under state laws pursuant to 28 U.S.C. § 1367(a).

15.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful local government practices alleged herein, occurred in this district.

<u>Allegations common to more than one cause of action</u>

16.     Plaintiffs are informed and believe and thereon allege that: ongoing course of conduct continuing January 2016 through present, County and DHHS employees generated a referral and/or investigation concerning Filip Novac and his children following an unfounded, untrue and retaliatory allegation by a relative that Filip Novac allegedly may have engaged in behavior alleged to be illegal or inappropriate.  At the time Filip and Iudita had full legal and physical custody and care of their children.

17.     Plaintiffs further allege that County and DHHS employees proceeded to make unannounced visits, without consent of Plaintiffs and without judicial warrants and without advising Plaintiffs of their right to legal counsel, to Plaintiffs home and elsewhere to conduct interrogations of Plaintiffs attempting to find a basis to remove the minor children from Filip and

Iudita Novac's parental home, care and custody.  Said interrogations, asking numerous questions, often in a harsh, leading, accusatory and/or adversarial manner, were invasive and violative of Plaintiffs' familial privacy rights.  Defendants did not have parental authorization, nor a warrant nor court order authorizing them to commit such invasive interrogations.  In addition, there were no exigent circumstances justifying said warrantless searches, seizures, detentions, and/or interrogations of Plaintiffs.

18.     Whenever Plaintiffs denied alleged illegal or inappropriate conduct by Filip Novac towards his children, the Social Worker Defendants would become aggravated and would grill Plaintiffs more harshly with leading and aggressive interrogations in attempts to obtain the information they were seeking to break apart the Novac family and remove the children to foster homes.

19.     Social Worker Defendants kept insisting and demanding that Plaintiffs sign a "Safety Plan" to finagle and deceptively break apart the Novac family without legal counsel and without being informed of their legal rights.  Plaintiffs did not want to sign any such "Safety Plans" not knowing the full consequences of what signing off on such a plan would entail but Social Worker Defendants kept insisting.  Plaintiffs also have English as a second language so they have a difficult time fully understanding written and spoken English which made them more susceptible to misleading, abusive and strong-arm tactics of Defendants. None of the Social Worker Defendants articulated basis for believing that Filip Novac represented a threat of harm to his children, much less an immediate threat of serious bodily injury or death to his children.

20.     Plaintiffs allege the Social Worker Defendants collaborated in executing a bad faith plan to warrantlessly coerce, threaten, highly pressure and unduly influence Plaintiffs into signing one or more "Safety Plans" and/or to acknowledge some truth to the allegation made by Iudita's sister against Filip without being fully informed of their rights and without legal counsel.

21.     Plaintiffs allege Social Worker Defendants executed, ratified, authorized policies, practices and/or customs of DHHS and County that unlawfully dictated removal of one or more children from their parents when a parent refuses to sign a "Safety Plan".  The "Safety Plans" are used as a devilish double-bind, you can choose not to sign the "voluntary" "Safety Plan" but we will seize your child(ren) into the foster care system, or you can sign the "voluntary" "Safety

STERLING LAW FIRM
4750 Street Drive
Palm Stkte, CA, 95628
TEL: 415-851-4388

Plan" and give up important legal rights and become part of our tortious invasive DHHS / CPS system.  Either way we've got you trapped.

22.     Plaintiffs therefore sue to recover compensatory economic and non-economic damages incurred due to Defendants' unlawful conduct, and a punitive and exemplary award sufficient to deter Defendants from causing similar harm to other families in the future, all attorney fees and costs, as more fully set forth herein.

<u>FIRST CAUSE OF ACTION</u>

FOR VIOLATION OF FEDERAL CIVIL RIGHTS (42 USC §1983)

(By all Plaintiffs for Familial Association, Privacy, Warrantless Seizure and Removal of Children, Unlawful Detention, and Interrogation of Plaintiffs,

against all Social Worker Defendants)

23.     As a first, separate and distinct cause of action, Plaintiffs complain against Social Worker Defendants and DOES 1 through 100, and each of them, and for a cause of action alleges:

24.     Plaintiffs hereby incorporate by reference all above paragraphs, as though set forth here in full.

25.     Plaintiffs are individuals and citizens of the US protected by 42 USC §1983.

26.     Plaintiffs are informed and believe and thereon allege that the right to familial association guaranteed under, without limitation, the First, Fourth, and Fourteenth Amendments is "clearly established" such that a reasonable social services agent in Defendants' situation would know it is unlawful to question, threaten, examine, or search a child in the absence of exigent circumstances, and outside of the presence of his or her parents, without first obtaining judicial authorization or parental consent.

27.     Defendants, and each of them, had, at all times relevant herein, an affirmative duty and obligation to recognize and conduct themselves in a manner that confirms, provides for, and does not violate the protections guaranteed Plaintiffs under the United States Constitution, including those under the Fourteenth Amendment, to include without limitation, the protection of parental rights, the right to privacy, family integrity and the right to familial relations.

28.     Defendants were acting under color of state law when they acted to violate Plaintiffs' civil rights by, but not limited to, interrogating Plaintiffs, detaining Plaintiffs, seizing and removing the Novac children, without lawful notice to Plaintiffs, without Plaintiffs' consent, without legal counsel, and outside of parents' immediate presence, thereby violating Plaintiffs' rights under the First, Fourth and Fourteenth Amendment of the US Constitution.  They did so without a court order or warrant, parental consent, and in the absence of exigent circumstances, and without any evidence that the Novac children were in immediate danger of serious bodily injury or death at the hands of their parents. Plaintiffs are informed and believe and thereon allege that the Social Worker Defendants and each of them, knew, agreed with, and supported the conduct of Defendants and thereby collaborated, acted, and conspired to violate Plaintiffs' civil rights.

29.     Plaintiffs are informed and believe and thereon allege that Social Worker Defendants, and each of them, purposefully failed to seek a warrant, and/or judicial authorization. Plaintiffs are informed and believe and thereon allege that the Social Worker Defendants failed to seek/obtain a warrant and/or judicial authorization because insufficient grounds or evidence existed to support such application, and/or, as a result of an unconstitutional policy, custom, or practice of not obtaining warrants prior to interrogating children, when they have not notified the parents or obtained their consent. Reasonable and less intrusive alternative means existed to secure both Plaintiffs' civil rights and their security, without seizing the children and questioning them outside presence of their parents, without parental consent or court order, yet Social Worker Defendants, and each of them, intentionally failed to pursue or even investigate such less intrusive alternative means.

30.     Plaintiffs are further informed and believe that the Social Worker Defendants attempts to coerce, intimidate, threaten and/or force Filip and Iudita Novac into signing a "Safety Plan" was part of the unlawful scheme to break up the Novac family and remove their children into foster homes.

31.     None of the Defendants obtained nor sought a protective custody warrant prior to seizure of the Novac children.  Further, none of the Defendants possessed specific articulable evidence that the Novac parents were an immediate danger of serious bodily injury or death to

STERLING LAW FIRM
4790 Street Drive
Palo Alto, CA. 95628
TEL: 916-801-4388

their children within the time it would have taken to seek and/or obtain a protective custody warrant.  In fact, Plaintiffs allege Defendants have an unconstitutional policy and/or practice of rarely or never obtaining judicial warrants prior to seizing children from their parents.

32.     Said conduct constitutes a substantive violation of Plaintiffs' rights guaranteed by the First, Fourth and Fourteenth Amendments to the United States Constitution. By unlawfully interrogating, seizing and removing the Novac children from Plaintiff Filip and Iudita Novac's care, or conspiring to do the same, without first providing adequate notice or an opportunity to be heard, these Social Worker Defendants, and each of them, also violated Plaintiffs' procedural due process rights.  Defendants committed these unconstitutional acts without proper justification or authority, and without probable cause, exigency, or court order. (See e.g., Mabe v.  County of San Bernadino (2001) 237 F.3d 1101.) Defendants, and each of them, maliciously violated, recklessly violated, and/or conspired to violate the civil rights of Plaintiffs, including violation of Plaintiffs' rights found in the Fourteenth Amendment of the United States Constitution, by, but not limited to, removing, detaining, and continuing to detain their minor children from the care, custody, and control of parents Filip and Iudita Novac, without proper or just cause and/or authority, and by use of coercion, duress, or fraud to obtain so-called consent or evidence.  Said acts were taken deliberately, with callous or reckless indifference to the substantial rights of Plaintiffs, or fueled by an evil motive or intent.

33.     As a direct and proximate result of these Defendants' misconduct, Plaintiffs have suffered, and will continue to suffer, general and special damages according to proof at trial, including but not limited to, physical and/or mental anxiety and anguish, among other things. Plaintiffs have also incurred, and will continue to incur, attorneys fees, costs and expenses, including those authorized by 42 U.S.C. section 1988, to an extent and in an amount subject to proof at trial.

34.     These Social Worker Defendants acted with malice and with the intent to cause injury to Plaintiffs, or acted with a willful and conscious disregard of the rights of Plaintiffs in a despicable, vile, and contemptible manner.  Plaintiffs are therefore entitled to recover punitive damages from the individual Social Worker Defendants, and each of them, as permitted by law

and as according to proof at trial, due to the wrongful conduct of Defendants, as herein alleged, and to deter them and others from such conduct in the future.

WHEREFORE, Plaintiffs pray judgment against Social Worker Defendants, and each of them, as set forth hereinbelow.

SECOND CAUSE OF ACTION

FOR *MONELL*-RELATED CLAIMS

(By all Plaintiffs Against County of Sacramento)

35. Plaintiffs incorporate by reference to the extent applicable all preceding paragraphs as if fully set forth herein.

36. Defendant County of Sacramento, including through its DHHS and/or CPS entity, is a "person" within the meaning of 42 U.S.C. § 1983 and subject to Monell liability. (<u>Monell v. Dept. of Social Services</u> (1978) 436 U.S. 658).

37. Defendant County, including through its entity DHHS, had a duty to Plaintiffs at all times to establish, implement and follow policies, procedures, customs and/or practices (hereinafter referred to as "policy" or "policies") which confirm and provide the protections guaranteed Plaintiffs under the United States Constitution, including those under the First and Fourth and Fourteenth Amendments, to include without limitation, the protection of the right to familial relations; the right to privacy; the right not to be defamed or stigmatized; and the right to procedural due process. Said defendants also had a duty to use reasonable care to select, assign, supervise, train, control and review the activities of all their agents, officers, employees and those acting under them, including within DHHS and/or CPS, so as to protect these constitutional rights; and to refrain from acting with deliberate indifference to the constitutional rights of Plaintiffs in order to avoid causing the injuries and damages alleged herein. Based on the duties charged to County, including the nature of its work relating to juvenile dependency proceedings, County knew or should have known of the obvious need to establish customs, policies, and practices required to protect the aforementioned civil rights of parents and their children.

38. Defendant County, including through its entity DHHS and/or CPS, established and/or followed policies, procedures, customs, and/or practices which policies were the moving force behind the violations of Plaintiffs' constitutional rights, including those under the Fourth

STERLING LAW FIRM
4700 Street Drive
Palk Stake, CA. 95628
TEL. 916-851-4388

and Fourteenth Amendments, by, but not limited to: the policy of detaining and/or removing children from their family and homes without exigent circumstances (imminent danger of serious bodily injury or death), court order and/or consent; the policy of removing children from their family and their homes without first obtaining a warrant when no exigency exists; the policy of examining children without exigency, need, or proper court order, and without the presence and/or consent of their parent or guardian; the policy of removing and detaining children, and continuing to detain them for an unreasonable period after any alleged basis for detention is negated; the policy of opening "companion referrals" against all parents of a given child, whenever a parent is accused of a crime involving a minor, even if the allegations do not concern their own child; the policy of coercing parents to sign off on a Safety Plan, whenever a co-parent is alleged to have committed a crime against a minor, even if the allegations do not concern their own child, and to seize the children as means of coercing said "agreements," thereby causing an interference with parental rights, including those as to familial relations; by acting with deliberate indifference in implementing a policy of inadequate training and/or supervision, and/or by failing to train and/or supervise its officers, agents, employees and state actors, in providing the constitutional protections guaranteed to individuals, including those under the Fourth and Fourteenth Amendments, when performing actions related to child abuse and dependency type proceedings;  and the policy, practice, or custom of trumping up reasons for seizing children, as a means of intimidating parents, by coercion, into entering into unnecessary Safety Plans, thereby enabling the county to keep the family locked up in the juvenile dependency system and record the case as a positive outcome for purposes of statistical analysis related to funding by the State and Federal governments.  (This list is not exhaustive due to the pending nature of discovery and the privileged and protected records of investigative and juvenile dependency type proceedings.  Plaintiffs may seek leave to amend this pleading as more information becomes available.)

39.     County, including by and through its entity DHHS and/or CPS, breached its duties and obligations to Plaintiffs by, but not limited to, failing to establish, implement and follow the correct and proper Constitutional policies, procedures, customs and practices; by failing to properly select, supervise, train, control, and review its agents and employees as to their

STERLING LAW FIRM
4750 Street Drive
Park Suite, CA, 95628
TEL: 916-851-4385

1  compliance with Constitutional safeguards; and by deliberately permitting Social Worker

2  Defendants to engage in the unlawful and unconstitutional conduct as herein alleged with a total

3  indifference to the rights of affected parents, including Plaintiffs herein.

4      40.     County knew, or should have known, that by breaching the above-mentioned

5  duties and obligations that it was reasonably foreseeable that its agency policies, practices,

6  customs, and usages would, and did, cause Plaintiffs to be injured and damaged by County's

7  wrongful policies, or deliberate lack thereof or deliberate indifference to the need for such

8  policies and/or training, and other acts as alleged herein, and that such breaches occurred in

9  contravention of public policy and their legal duties and obligations to Plaintiffs; and that such

10  policies were the moving force behind the violation of Plaintiffs' constitutional rights as alleged

11  herein above.  Namely, Plaintiffs' civil rights were violated, as mentioned above, when Social

12  Worker Defendants, while acting under color of state law and in conformance with official

13  County policies, conspired and/or acted to seize Plaintiffs' children without a warrant; and then

    lied about Plaintiffs in various court reports submitted to the Juvenile and/or Family Court.

14      41.     These actions, and/or inactions, of County are the moving force behind, and direct

15  and proximate cause of Plaintiffs' injuries, as alleged herein; and as a result, Plaintiffs have

16  sustained general and special damages, to an extent and in an amount to be proven at trial.  In

17  addition, Plaintiffs have incurred, and will continue to incur, attorneys fees, costs and expenses,

18  including those as authorized by 42 U.S.C. § 1988, to an extent and in an amount subject to proof

19  at trial.

20      WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as set

21  forth hereinbelow.

22  THIRD CAUSE OF ACTION

23  (By all Plaintiffs for Violation of State Civil Rights against all Defendants)

24      42.     Plaintiff incorporates herein by this reference to the extent applicable all

25  paragraphs above as if fully set forth at this point.

26      43.     Plaintiffs are informed and believe and thereon allege that County social workers,

27  by the use of threats, intimidation, deception, fraud, and coercion (or attempts to threaten,

28  intimidate, deceive, defraud, and coerce), interfered with Plaintiffs' exercise and enjoyment of

STERLING LAW FIRM
6780 Street Drive
Park State, CA, 95628
TEL. 916-851-6388

the rights secured by the United States Constitution and of the Federal laws, the Constitution and laws of the State of California, Article 1, section 13 of California's Constitution, California Government Code section 820.21, and California Civil Code sections 43, 49, 51, 52 (The Unruh Civil Rights Act), and 52.1.

44.     Further, it is alleged on information and belief, Defendants committed the following violations as supposed public servants without fear of sanction: withheld exculpatory evidence, violated Welfare and Institutions code section 315 requiring detention hearing be held as soon as possible otherwise the minor shall be released from custody, not timely releasing the child(ren) or filing the initial petition pursuant to section 313, not timely serving Plaintiffs notice of the initial hearing pursuant to section 290.2, blocking all meaningful access of Plaintiffs to the Court by withholding mandatory disclosures from Plaintiffs pursuant to section 307.4, section 300 et seq., refusing investigation into Plaintiffs' claims or proof of innocence, conducting a defective and one-sided investigation into the facts concerning the suitability of Plaintiffs' home or immediately reuniting children with parents, the initial interview of Plaintiffs was exculpatory yet suppressed violative of section 328, negating possible scenarios that could facilitate maintaining Plaintiffs safely in their own home pursuant to sections 306(b), 309(a), and 309(d)(1), refusing to engage reasonable efforts and services to maintain Plaintiffs in their own home pursuant to sections 306(b), 309(a) and 309(d)(1), failing to inform Plaintiffs of relevant facts related to the case including their rights and regarding court hearings and procedures pursuant to section 307.4(a) and 307.4(a)(1), section 311(b), section 319(a) and section 341.

45.     Such misconduct includes, but is not limited to the Social Worker Defendants' wrongful seizure of the Novac children, the continued detention of the Novac children after any alleged basis for detention had been negated; that the Social Worker Defendants coerced, intimidated, and/or forced the Novac parents into signing the Safety Plan through the removal and detention and/or threatened removal and detention of their children; and the denial of reasonable accommodations, all in violation of the right to familial association and privacy arising under the Fourteenth Amendment.

46.     Plaintiffs are informed and believe and therefore allege that government searches and seizures are inevitably acts of "political violence" that causes fear, degradation, humiliation,

STERLING LAW FIRM
4790 Street Drive
Palo Alto, CA, 95628
TEL. 916-851-4389

and indignity along with its obvious physical impacts including confinement.  (See Exhibit A, Doriane Lambelet Coleman, Storming the Castle to Save Children: The Ironic Costs of Child Welfare Exception to the Fourth Amendment, 47 Wm. & Mary L. Rev. 413, 422 fn. 20 (2005); relied upon for other reasons in <u>Greene v.  Camreta</u> (9th Cir.  2009) 588 F.3d 1011, 1016.)

47.    County is vicariously responsible for the conduct of its social services agents, pursuant to California Government Code section 815.2, and other applicable statutory and case law.

48.    As the direct and proximate result of these actions of Social Worker Defendants, Plaintiffs have suffered, and will continue to suffer, physical, mental, economic, and emotional injury, all to an extent and in an amount subject to proof at trial.

49.    The rights violated by the public employees mentioned herein, and each of them, are protected by California Civil Code sections 43, 49, 51, and 52.1, which entitle Plaintiffs to compensatory and punitive damages, injunctive relief, statutory civil penalty (where applicable) and attorney's fees, as provided for by the laws and the Constitution of the State of California, and are requested herein.

50.    In doing the acts alleged in this Complaint, Social Worker Defendants and DOES 1 through 100, and each of them, knew or should have known that their actions would, or were likely to, injure and damage Plaintiffs.  Plaintiffs are informed and believe and thereon allege that Social Worker Defendants and DOES 1 through 100, and each of them, intended to cause injury and damage to Plaintiffs, and/or acted with a willful and conscious disregard of Plaintiffs' rights, thus entitling Plaintiffs to recover punitive damages as against said social services agents.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as set forth hereinbelow.

<u>FOURTH CAUSE OF ACTION</u>

(By all Plaintiffs for Intentional Infliction of Emotional Distress against all Defendants)

51.    Plaintiffs incorporate herein by reference to the extent applicable all paragraphs above as if fully set forth herein. Plaintiffs are informed and believe that County social workers and each of them, engaged in the above-mentioned extreme, outrageous, unlawful and unprivileged conduct, including, but not limited to, interrogating the Novac children without

STERLING LAW FIRM
6790 Street Drive
Falk Suite, CA 95628
TEL 315-852-4588

notice, consent, or presence of their parents; removing and detaining and causing protracted and anguishing separation of the Novac children from the love and care of their parents, without court order or exigent circumstances; continuing to detain the Novac children without any basis for doing so; extracting an agreement to follow a "Safety Plan" through the use of undue influence, threats, coercion, and duress; and continuing to harass, annoy, and lie to Plaintiffs, and otherwise interfere with Plaintiffs' lives, after any purported exigency or need ceased to exist. These acts were outrageous and exceeded the bounds of common decency usually tolerated by a civilized society.

52.     Plaintiffs are informed and believe and thereon allege that the Social Worker Defendants, and each of them, knew, agreed with, aided and abetted, and supported the above described conduct and thereby collaborated, acted, and conspired to violate Plaintiffs' civil rights.

53.     Plaintiffs are informed and believe that Social Worker Defendants and DOES 1 through 100, and each of them, intended to cause harm to Plaintiffs, or acted with reckless disregard for the possibility that Plaintiffs would suffer extreme emotional distress as a result of the outrageous conduct listed above.  Based on the nature of their work, which can include the use of governmental force to turn children into wards of the state, each of the Social Worker Defendants owed a special duty of care to Plaintiffs, and knowing of said duty, abused this special relationship and/or position which gave them much power to damage the Plaintiffs' interest, in egregious fashion; they knew of Plaintiffs' susceptibility to injuries through mental distress in order to inflict trauma; and/or they acted intentionally or unreasonably with the recognition that the acts were likely to result in illness through mental distress.  Said actions were performed with deliberate and callous indifference to the liberty interests of Plaintiffs, such that said public employees' actions assault and shock the public conscience.

54.     As the direct and proximate result of the extreme and outrageous conduct of Social Worker Defendants and DOES 1 through 100, and each of them, Plaintiffs have suffered extreme emotional and physical distress, including but not limited to fright, nervousness, sleeplessness, anxiety, shock, humiliation, anguish and indignity, to an extent and in an amount subject to proof at trial.  Nobody, including Plaintiffs, could reasonably be expected to endure

STERLING LAW FIRM
4780 Sierra Drive
Palo Alto, CA. 95628
TEL. 415-801-4385

the types of affront inflicted upon Plaintiffs without sustaining the type of damages herein alleged.

55.    Plaintiffs are informed and believe and thereon allege that Social Worker Defendants acted knowingly and willfully, with malice and oppression, and with the intent to harm Plaintiffs, and with callous disregard for Plaintiffs' rights, well-being and best interests. Therefore, Plaintiffs are entitled to an award of punitive damages for the purpose of punishing Social Worker Defendants and to deter them and others from such conduct in the future.

56.    County is vicariously responsible for the conduct of its public employees, under California Government Code section 815.2 and other applicable statutory and case law.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as set forth hereinbelow.

## FIFTH CAUSE OF ACTION

### (By Plaintiffs for Assault against all Defendants)

57.    Plaintiffs incorporate herein by reference to the extent applicable all paragraphs above as if fully set forth herein.

58.    Plaintiffs are informed and believe and thereon allege that the Social Worker Defendants and each of them, knew, agreed with, and supported the seizure of the Novac children from parental custody without judicial authorization, parental consent, and in the absence of exigent circumstances.  The Novac children did not legally consent to the seizure and/or the severance of them from the love and care of their parents.

59.    As a direct and proximate result of the threatening conduct of the Social Worker Defendants, as mentioned above, coupled with their present ability to carry out the threat, Plaintiffs reasonably felt and perceived the imminent apprehension of such contact, and therefore suffered severe emotional distress and other injuries to their person, in an amount to be shown according to proof.

60.    Plaintiffs are informed and believe that the aforesaid acts were carried out with the base and vile motivation of inflicting serious emotional harm to Plaintiffs to exact revenge for refusal to sign a "Safety Plan," or, in the alternative, to further the baseless and nefarious goal of coercing the Novacs to sign the unnecessary "Safety Plan," and ostensibly gain consent for

STERLING LAW FIRM
4790 Street Drive
Palo Alto, CA 95628
TEL: 916-851-4389

further governmental interference with Plaintiffs' Constitutional right to privacy and familial association.  Said acts were done with a conscious disregard of Plaintiffs right to be free from such tortious and criminal behavior, such as to constitute oppression, fraud or malice pursuant to California Civil Code Section 3294, entitling Plaintiffs to punitive damages in an amount appropriate to punish and set an example of Social Worker Defendants.

61.    County is vicariously responsible for the conduct of its Social Worker Defendants, under California Government Code section 815.2 and other applicable statutory and case law.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as set forth hereinbelow.

<u>SIXTH CAUSE OF ACTION</u>

(By Plaintiffs for Battery against all Defendants)

62.    Plaintiffs hereby reallege and incorporate by this reference to the extent applicable all preceding paragraphs of the Complaint, as if fully set forth herein.

63.    Plaintiffs are informed and believe and thereon allege that the Social Worker Defendants and each of them, knew, agreed with, and supported the seizure of the Novac children from parental custody without judicial authorization, parental consent, and in the absence of exigent circumstances.  The Novac children did not legally consent to the seizure and/or the severance of them from the love and care of their parents, nor to any of the said harmful or offensive touchings.  One or more of the Novac children also alleges batteries took place in the various foster homes they were shuffled in and out of as a proximate result of the misconduct of Defendants.  The Social Worker Defendants did not have reasonable cause for believing that the Novac children would imminently suffer serious bodily injury or death within the time it would have taken the Social Worker Defendants to obtain a judicial warrant.

64.    As a direct and proximate result of the threatening conduct of the Social Worker Defendants, as mentioned above, coupled with their present ability to carry out the threat, Plaintiffs reasonably felt and perceived the imminent apprehension of such contact, and therefore suffered severe emotional distress and other injuries to their person, in an amount to be shown according to proof.

STERLING LAW FIRM
4750 Street Drive
Palm Desert, CA, 95628
TEL: 951-801-4388

65.     Plaintiffs are informed and believe that the aforesaid acts were carried out with the base and vile motivation of inflicting serious emotional harm to Plaintiffs to exact revenge for refusal to sign a "Safety Plan," or, in the alternative, to further the baseless and nefarious goal of coercing the Novacs to sign the unnecessary "Safety Plan," and ostensibly gain consent for further governmental interference with Plaintiffs' Constitutional right to privacy and familial association.  Said acts were done with a conscious disregard of Plaintiffs right to be free from such tortious and criminal behavior, such as to constitute oppression, fraud or malice pursuant to California Civil Code Section 3294, entitling Plaintiffs to punitive damages in an amount appropriate to punish and set an example of Social Worker Defendants.

66.     County is vicariously responsible for the conduct of its Social Worker Defendants, under California Government Code section 815.2 and other applicable statutory and case law.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as set forth hereinbelow.

<u>SEVENTH CAUSE OF ACTION</u>

(By Plaintiffs for False Imprisonment against all Defendants)

67.     Plaintiffs hereby reallege and incorporate by this reference to the extent applicable all preceding paragraphs of the Complaint, as if fully set forth herein.

68.     As mentioned above, Social Worker Defendants restrained the Novac children by means of physical force and confined them in the foster care system.  Said confinements were nonconsensual, was undertaken without judicial warrant, and without the Social Worker Defendants being in possession of any evidence to suggest the Novac children were in imminent danger of serious bodily injury or death at the hands of their parents, in violation of California Welfare & Institutions Code sections 300, 305, 306, 307, 308, 309 et seq.

69.     The above-mentioned detentions were not authorized by law and took place for an appreciable length of time.  In the absence of a timely filed petition or a timely held hearing, Plaintiffs' detention was unlawful.

70.     As the direct and proximate result of the dereliction of duty of Social Worker Defendants, Plaintiffs have had their familial liberty interests violated, and have suffered, and

STERLING LAW FIRM
4750 Street Drive
Palm Drive, CA. 95628
TEL. 916-953-4368

will continue to suffer, physical, mental, and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiffs have also incurred, and will continue to incur, attorneys fees, costs and expenses, to an extent and in an amount subject to proof at trial.

71.     Plaintiffs are informed and believe that the aforesaid acts were carried out with the base and vile motivation of inflicting serious emotional harm to Plaintiffs to exact revenge for refusal to sign a "Safety Plan," or, in the alternative, to further the baseless and nefarious goal of coercing the Novacs to sign the unnecessary "Safety Plan," and ostensibly gain consent for further governmental interference with Plaintiffs' Constitutional right to privacy and familial association.  Said acts were done with a conscious disregard of Plaintiffs right to be free from such tortious and criminal behavior, such as to constitute oppression, fraud or malice pursuant to California Civil Code Section 3294, entitling Plaintiffs to punitive damages in an amount appropriate to punish and set an example of Social Worker Defendants.

72.     County is vicariously responsible for the conduct of its Social Worker Defendants, under California Government Code section 815.2 and other applicable statutory and case law.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as set forth hereinbelow.

## EIGHTH CAUSE OF ACTION

(By Plaintiffs for Abuse of Process against all Defendants)

73.     Plaintiffs hereby incorporate by reference to the extent applicable all foregoing paragraphs of this Complaint as if fully set forth herein.

74.     County and Social Worker Defendants misused the juvenile court process by, but not limited to, misusing governmental process to question, seize, examine, remove, and detain the Novac children, without notice to the parents or their consent, without an authorizing court order or warrant, and in the absence of exigent circumstances.

75.     County and the Social Worker Defendants in so misusing the process in the above-described manner intended to bring the Novac family into dependency proceedings, thereby enabling County, among others, to keep the family in the juvenile dependency system and record the case as a positive outcome for purposes of statistical analysis related to funding by

STERLING LAW FIRM
4750 Street Drive
Palo Alto, CA  95628
TEL: 916-851-8888

the State and Federal governments; invade the privacy of Plaintiffs' family; break Plaintiffs' will and punish them for refusing to submit to the will of Social Worker Defendants; seek revenge; or achieve some other nefarious end.

76.     The stated legislative intent of the Welfare and Institutions Code is to "to preserve and strengthen a child's family ties whenever possible, removing the child from the custody of his or her parents only when necessary for his or her welfare". (§16000) "The Legislature hereby declares its intent to encourage the continuity of the family unit" (§16500) and "to use the strengths of families and communities to serve the needs of children who are alleged to be abused or neglected, as described in Section 300, to reduce the necessity for removing these children from their home, [and] to encourage speedy reunification of families when it can be safely accomplished." (§16500.1) Dependency proceedings are to be initiated only if required to secure the safety and well-being of the child and are strictly for "the protection of the child, not the punishment of the parent".

77.     Plaintiffs are informed and believe that the aforesaid acts were carried out with the base and vile motivation of inflicting serious emotional harm to Plaintiffs to exact revenge for refusal to sign a "Safety Plan," or, in the alternative, to further the baseless and nefarious goal of coercing the Novacs to sign the unnecessary "Safety Plan," and ostensibly gain consent for further governmental interference with Plaintiffs' Constitutional right to privacy and familial association.  Said acts were done with a conscious disregard of Plaintiffs right to be free from such tortious and criminal behavior, such as to constitute oppression, fraud or malice pursuant to California Civil Code Section 3294, entitling Plaintiffs to punitive damages in an amount appropriate to punish and set an example of Social Worker Defendants.

78.     County is vicariously responsible for the conduct of its Social Worker Defendants, under California Government Code section 815.2 and other applicable statutory and case law.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as set forth hereinbelow.

## NINTH CAUSE OF ACTION

(By Plaintiffs for Invasion of Privacy Against All Defendants)

STERLING LAW FIRM
4790 Street Drive
Palm Desert, CA, 93628
TEL. 343-891-4388

79.    Plaintiffs incorporate by reference to the extent applicable all foregoing paragraphs as if fully set forth herein.

80.    Plaintiffs have a protected liberty interest in the privacy and integrity of their family unit, free of unwarranted governmental intrusion.

81.    County, by and through Social Worker Defendants, intruded upon the privacy of Plaintiffs' family by, but not limited to, removing the Novac children from the care and custody of their parents, without parental consent, and in the absence of exigent circumstances; questioning and examining the Novac children outside of the presence of their parents, and without consent, court decree, or exigent circumstances; continuing to detain the Novac children without basis; and holding children hostage in order to gain coerced consent to involvement of intrusive and harassing government officials in the family life.  Each and every act mentioned above was carried out intentionally, and with full knowledge of the probable consequences thereof.

82.    Said intrusions upon the family home and privacy interests of Plaintiffs would be highly offensive to any reasonable person, and was, in fact, highly offensive to Plaintiffs.

83.    As the direct and proximate result of the County's social services agents dereliction of duty, Plaintiffs have suffered, and will continue to suffer, physical, mental, and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiffs have also incurred, and will continue to incur, attorneys fees, costs and expenses, to an extent and in an amount subject to proof at trial.

84.    Plaintiffs are informed and believe that the aforesaid acts were carried out with the base and vile motivation of inflicting serious emotional harm to Plaintiffs to exact revenge for refusal to sign a "Safety Plan," or, in the alternative, to further the baseless and nefarious goal of coercing the Novacs to sign the unnecessary "Safety Plan," and ostensibly gain consent for further governmental interference with Plaintiffs' Constitutional right to privacy and familial association.  Said acts were done with a conscious disregard of Plaintiffs right to be free from such tortious and criminal behavior, such as to constitute oppression, fraud or malice pursuant to California Civil Code Section 3294, entitling Plaintiffs to punitive damages in an amount appropriate to punish and set an example of Social Worker Defendants.

85.     County is vicariously responsible for the conduct of its Social Worker Defendants, under California Government Code section 815.2 and other applicable statutory and case law.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as set forth below.

### TENTH CAUSE OF ACTION

(By Plaintiffs for Declaratory Relief against Defendant County)

86.     Plaintiffs incorporate by reference to the extent applicable all above paragraphs as if fully set forth herein.

87.     As stated herein, Plaintiffs, as citizen and individuals, are protected by the laws of the State of California, as well as those of the United States Constitution, including the First, Fourth and Fourteenth Amendments thereto.

88.     As stated herein, Defendants have wrongfully, unlawfully, and with deliberate indifference to the rights of Plaintiffs, and with utter disregard of County's duties and obligations to Plaintiffs, acted, practiced and/or adopted policies, practices, procedures and/or customs which are in violation of the rights of Plaintiffs, including those to be free from governmental interference as to their familial associations and from unreasonable searches or seizures, including those relating to child abuse allegations and related actions and proceedings.

89.     County has failed to acknowledge their improper, unlawful and unconstitutional actions, conduct and policies at the time of the incidents at issue in the present action, and Plaintiffs are informed and believe, and on that basis allege, that presently County has not changed or modified such actions, conduct and/or policies to conform to law.

90.     County's wrongful and unlawful conduct, actions and/or policies, unless and until enjoined and restrained by order of this court, will cause, and continue to cause, great and irreparable injury to Plaintiffs, and other individuals and citizens, in that County will continue to act in accordance with said unlawful policies, and with deliberate indifference to their duties and obligations under state and federal law, including those under the First, Fourth and Fourteenth amendments as alleged hereinabove.

STERLING LAW FIRM
4750 Street Drive
Palo Alto, CA, 95628
TEL 315-951-4388

91.     Plaintiffs continue to reside in the County of Sacramento and their children are still minors. Hence, the Defendants, in the absence of injunctive relief could employ the same policies, customs, and practices complained of herein to again detain the Novac children in the foster care system.

92.     Plaintiffs have no adequate remedy at law to prevent or prohibit County from continuing, and/or repeating, its unlawful and unconstitutional  conduct and policies other than through injunctive relief, and therefore seek an order enjoining and prohibiting County and its administrative arms DHHS and/or CPS from, but not limited to, the following Constitutional and civil rights violations due to:  the policy of detaining and/or removing children from their family and homes without exigent circumstances (imminent danger of serious bodily injury or death), court order and/or consent; the policy of removing children from their family and their homes without first obtaining a warrant when no exigency exists; the policy of examining children without exigency, need, or proper court order, and without the presence and/or consent of their parent or guardian; the policy of removing and detaining children, and continuing to detain them for an unreasonable period after any alleged basis for detention is negated; the policy of opening "companion referrals" against all parents of a given child, whenever a parent is accused of a crime involving a minor, even if the allegations do not concern their own child; the policy of coercing parents to sign off on a Safety Plan, whenever a co-parent is alleged to have committed a crime against a minor, even if the allegations do not concern their own child, and to seize the children as means of coercing said "agreements," thereby causing an interference with parental rights, including those as to familial relations; by acting with deliberate indifference in implementing a policy of inadequate training and/or supervision, and/or by failing to train and/or supervise its officers, agents, employees and state actors, in providing the constitutional protections guaranteed to individuals, including those under the Fourth and Fourteenth Amendments, when performing actions related to child abuse and dependency type proceedings; the policy of keeping children and parents in the dark and not informing them as to their rights and as to the legal process and court procedures with the aim that parents and children just comply with County DHHS and/or CPS and not raise any legal arguments or objections or assert their rights; and the policy, practice, or custom of trumping up reasons for seizing children, as a

STERLING LAW FIRM
4790 Street Drive
Palm Suite, CA, 95628
TEL. 916-961-4389

means of intimidating parents, by coercion, into entering into unnecessary Safety Plans, thereby enabling the county to keep the family locked up in the juvenile dependency system and record the case as a positive outcome for purposes of statistical analysis related to funding by the State and Federal governments.  (This list is not exhaustive due to the pending nature of discovery and the privileged and protected records of investigative and juvenile dependency type proceedings. Plaintiffs may seek leave to amend this pleading as more information becomes available.)

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as set forth hereinbelow.

<u>ELEVENTH CAUSE OF ACTION</u>

(By Plaintiffs for Fraud, Deceit, False Pretense against all Defendants)

93.    Plaintiffs incorporate by reference to extent applicable all above paragraphs as if fully set forth herein.

94.    Defendants concealed material facts from Plaintiffs, although it was their duty to disclose.

95.    Plaintiffs had the right to information advising Plaintiffs of their rights and court procedures (pursuant to WIC §307.4), Plaintiffs' right to contact within 5 hours of their separation, where there was no claim of detriment to the child (pursuant to WIC §308(a)), Plaintiffs' right to a copy of the actual petition with timely notice of hearing 24 hours before detention hearing's commencement (pursuant to WIC §290.2), and Plaintiffs' rights conferred by the Welfare and Institutions Code to parents at the Detention Hearing, including, but not limited to, the right to subpoena, confront, and cross examine all relevant witnesses.

96.    These material facts were intentionally withheld to ensure that Plaintiffs would not assert or exercise their rights at or before the Detention Hearing. Thus, Defendants and each of them defrauded Plaintiffs and the court in securing any court order(s).

97.    Plaintiffs were unaware of any of these rights, or how to exercise them at the Detention Hearing.  Plaintiffs would have acted differently had they been aware of all the material facts concealed by Defendants and the impact dependency would have on Plaintiffs.

98.     But for the concealment of these material facts, and Plaintiffs resulting ignorance, the outcome of the Detention Hearing would likely have been much different, even averting the protracted separation of the Novac parents from their children.

99.     As a result, Plaintiffs were prejudiced in legal and public forums, forced to overcome erroneous allegations, and this fraud and deceit directly caused harm to Plaintiffs and laid the foundation for Plaintiffs' family separation under false pretense.

100.    Any "Safety Plan" signed by Plaintiffs was the result of fraud, deceit, false pretenses, and procured under coercion, duress, undue influence and threats of protracted or permanent family separation or termination of parental rights.  Defendants and each of them imposed an illegal contract on Plaintiffs by violating the Welfare and Institutions Code sections 290.2, 300.2, 306(a)(2), 306(b)(3), 307.4, 308(a), 309(a), 309(d)(1), 313(a), 315, 328, 332, 360, 361(a), 361(c), 361(c)(5), 361.1, et seq.

101.    Because Plaintiffs were forced into this Safety Plan contract as a result of systematic and routinized fraud, false pretense, coercion, duress, undue influence, threats etc., Plaintiffs are informed and believe that any such contracts are null and void from inception.

102.    Plaintiffs are informed and believe that the aforesaid acts were carried out with the base and vile motivation of inflicting serious emotional harm to Plaintiffs to exact revenge for refusal to sign a "Safety Plan," or, in the alternative, to further the baseless and nefarious goal of coercing the Novacs to sign the unnecessary "Safety Plan," and ostensibly gain consent for further governmental interference with Plaintiffs' Constitutional right to privacy and familial association.  Said acts were done with a conscious disregard of Plaintiffs right to be free from such tortious and criminal behavior, such as to constitute oppression, fraud or malice pursuant to California Civil Code Section 3294, entitling Plaintiffs to punitive damages in an amount appropriate to punish and set an example of Social Worker Defendants.

103.    County is vicariously responsible for the conduct of its Social Worker Defendants, under California Government Code section 815.2 and other applicable statutory and case law.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as set forth hereinbelow.

STERLING LAW FIRM
4750 Street Drive
Park Stone, CA. 95628
TEL. 315-801-4388

**TWELFTH CAUSE OF ACTION**

NEGLIGENCE, NEGLIGENCE PER SE, NEGLIGENT HIRING,

TRAINING, RETENTION AND/OR SUPERVISION

(By Plaintiffs Against All Defendants)

104.    Plaintiffs hereby incorporate by reference to the extent applicable all preceding paragraphs of the Complaint, as if fully set forth herein.

105.    Pursuant to California Welfare & Institutions Code sections 300, 305, 306, 307, 308, 309 et seq., Defendants owed statutory duties to Plaintiffs including considering possible scenarios that could facilitate maintaining Plaintiffs safely in their own home pursuant to sections 306(b), 309(a), and 309(d)(1), refusing to engage reasonable efforts and services to maintain Plaintiffs in their own home pursuant to sections 306(b), 309(a) and 309(d)(1), failing to inform Plaintiffs of relevant facts related to the case including their rights and regarding court hearings and procedures, etc. as aforementioned in this Complaint.

106.    County and Social Worker Defendants breached their duties of care by failing to consider alternative scenarios and failing to perform the statutorily mandated assessments whereby the Novac children could remain safely with their parents.

107.    Plaintiffs allege that had the said abduction of the Novac children been performed by private citizens, such act would have been criminal and would have entitled Plaintiffs to bring civil suit for compensatory and punitive damages.

108.    As a direct and proximate result of Defendants' misconduct, Plaintiffs had their familial rights and liberty interests violated, have suffered and will continue to suffer physical, mental and emotional injuries, all to an extent and in an amount subject to proof at trial. Plaintiffs have incurred and will continue to incur attorney fees, costs and expenses in an amount subject to proof at trial.  The aforementioned California Welfare and Institutions Code sections were enacted specifically to avoid the types of harm suffered by Plaintiffs as mentioned herein.

109.    County is vicariously responsible for the conduct of its Social Worker Defendants, under California Government Code sections 815.2, 815.6 and other applicable statutory and case law.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against all Defendants jointly and severally as to all causes of action as follows:

1.  A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and the State of California;

2.  An injunction and order preliminarily and permanently restraining Defendants from engaging in such unlawful conduct;

3.  An order directing Defendants to place Plaintiffs in the position Plaintiffs would have occupied but for Defendants' unlawful conduct, to pay all of Plaintiffs' attorney fees past present and future caused by Defendants' unlawful conduct, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect the Novac family or other families;

4.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm;

5.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiffs for harm to their reputations;

6.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiffs for all non-monetary and/or compensatory and/or general and/or incidental and/or consequential damages and harm, including but not limited to, compensation for mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, insomnia, severe emotional distress and physical injuries, in an amount not less than $1,000,000;

7.  An award of punitive and exemplary damages in an amount according to proof at trial to punish Social Worker Defendants (not against any municipality) and deter such unlawful misconduct from occurring in the future;

8.  An award of all costs and attorneys' fees incurred by Plaintiffs to the fullest extent permitted by law pursuant to 42 USC section 1988 and any other applicable statute;

STERLING LAW FIRM
4750 Street Drive
Palo Alto, CA. 95628
TEL 916-801-4386

9.     For restitution and recovery of all Federal, State and/or local funds received by Defendants as a result of their fraudulent and/or wrongful policies and practices and civil and constitutional rights violations as alleged herein according to proof in excess of $1,000,000;

10.    For such other relief as this court deems equitable, just or proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury of all issues so triable except as to attorney fees and costs.

DATE:  August 15, 2018                    STERLING LAW FIRM


                                          /s/ Nathaniel Sterling
                                          Nathaniel Sterling, Esq.
                                          Attorney for Plaintiffs