UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FILIP NOVAC, et al., | No. 2:18-cv-02232-JAM-KJN |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT** |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

On November 20, 2018, Defendants filed a Motion to Set Aside the Clerk's Entry of Default. Mot., ECF No. 12. Plaintiffs responded, Opp'n, ECF No. 14, on November 30, 2018, to which Defendants replied, Reply, ECF No. 16, on January 3, 2019. For the reasons given below, the Court GRANTS Defendants' Motion to Set Aside the Clerk's Entry of Default.[1]

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for January 22, 2019.

1

## I. BACKGROUND

Plaintiffs filed their twelve-count Complaint on August 15, 2018, alleging that Defendants violated their civil rights during the Sacramento Department of Health & Human Services Agency's investigation of a complaint against Plaintiff Filip Novac. Compl., ECF No. 1. Plaintiffs submitted summons, stating that a process server simultaneously executed service upon all Defendants on September 6, 2018. ECF Nos. 4-8. On October 11, 2018, the Clerk of the Court entered a default judgment. ECF No. 11.

On November 14, 2018, Defendants' counsel learned of the existence of this lawsuit and the entry of default. Fessenden Decl., ECF No. 12-2, p. 2. Five days after attempting to meet and confer, Defendants filed this motion. ECF No. 12.

## II. LEGAL STANDARD

The Court has discretion to set aside entry of default upon a showing of good cause. Fed. R. Civ. P. 55(c). After entry of default judgment, a defaulting party may seek relief under Federal Rule of Civil Procedure 60(b). "Where a defendant seeks relief under Rule 60(b)(1) based upon 'excusable neglect,' the court applies the same three factors governing the inquiry into 'good cause' under Rule 55(c)." Brandt v. Am. Bankers Ins. Co. of Fla., 653 F.3d 1108, 1111 (9th Cir. 2011). Those factors examine "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." Id. (citing Falk v. Allen, 739 F.2d 461, 463 (9th Cir.

1984)). Courts are to be mindful that a default judgment "is a drastic step appropriate only in extreme circumstances" and "a case should, whenever possible, be decided on the merits." Falk, 739 F.2d at 463.

III. ANALYSIS

A. Whether Plaintiffs Will Be Prejudiced

First, the Court determines whether relieving Defendants from default will prejudice Plaintiffs. Falk, 739 F.2d at 463. This inquiry asks whether Plaintiffs' ability to pursue their claims will be hindered, rather than whether setting aside default will delay the case's resolution. TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001), as amended on denial of reh'g and reh'g en banc (May 9, 2001). Merely being forced to litigate on the merits, along with the costs that litigation entails, is not considered prejudicial for the purposes of setting a default judgment aside. Id.

Plaintiffs argue that they have been prejudiced by the delay in having their case heard and by the attorney fees incurred in responding to Defendants' motion. Opp'n at 3-4. Neither of the reasons that Plaintiffs provide constitutes prejudice under Rule 55(c). Thus, the Court finds that setting aside the default judgment will not prejudice Plaintiffs.

B. Whether Defendants Have A Meritorious Defense

Next, the Court asks whether Defendants have a meritorious defense. Falk, 739 F.2d at 463. Defendants "must present specific facts that would constitute a defense," a burden the Ninth Circuit has states is "not extraordinarily heavy." United

States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1094 (9th Cir. 2010) (quoting TCI Group, 244 F.3d at 700). Defendants need only "allege sufficient facts that, if true, would constitute a defense." Id.

Defendants' motion presents numerous potentially meritorious defenses. Mot. at 7-10. For instance, Defendants assert there are issues with the two-year statute of limitations for claims arising under 42 U.S.C. § 1983, Plaintiffs' pleading of vicarious liability for a Monell claim, and other pleading errors which could be resolved in Defendants' favor pursuant to a motion under Federal Rule of Civil Procedure 12(b)(6). See id. Therefore, the Court finds that Defendants have carried the minimal burden of asserting a meritorious defense.

### C. Whether Defendants' Culpable Conduct Led to Default

Finally, the Court looks to whether Defendants' culpable conduct led to the default. Falk, 739 F.2d at 463. Culpability arises when a defendant "has received actual or constructive notice of the filing of the action and intentionally failed to answer." Mesle, 615 F.3d at 1092 (quoting TCI Group, 244 F.3d at 697). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." Id. (internal quotation marks omitted).

Plaintiffs argue that Defendants have "no good cause for ignoring Plaintiffs' lawsuit" after "many notices of the claim

4

were provided to Defendants." Opp'n at 3. Plaintiffs' assertions about Defendants' conduct do not satisfy the legal definition of "culpable." Conversely, Defendants allege that the reason they failed to file a timely answer was because they were not properly served pursuant to Federal Rule of Civil Procedure 4(e) or California Code of Civil Procedure § 415.20. Mot. at 3-6.

Plaintiffs contend they effectuated service upon all Defendants simultaneously through the September 6, 2018 service of Melanie Haage at the Sacramento County Administration Building located at 700 H. Street, Sacramento, California, 95814. Proof of Service of Summons, ECF No. 4-8. Haage is not a defendant. None of the individual Defendants were personally served. See id.

Federal Rule of Civil Procedure 4(e)(1) authorizes service by following state law for service of summons. California law permits substitute service of a natural person, provided the plaintiffs make a showing that they first made a "good faith" effort to effect personal service with "reasonable diligence." Bd. of Trustees of Leland Stanford Junior Univ. v. Ham, 156 Cal. Rptr. 3d 893, 898 (Ct. App. 2013) ("[T]he burden is on the plaintiff to show that the summons and complaint 'cannot with reasonable diligence be personally delivered' to the individual defendant."). Here, Plaintiffs fail to provide a declaration of diligence showing that they previously attempted to personally serve individual Defendants. Thus, substitute service on the individual Defendants was improper. See Fed. R. Civ. P. 4(e)(1); Cal. Code Civ. P. § 415.20. The individual Defendants are not

culpable.

Defendants' reasoning for the County of Sacramento's default is less reasoned. "Defendant County of Sacramento does not dispute that service of the Summons and Complaint was actually received, despite that the proof of service does not appear to reflect the Clerk of the Board of Supervisors was personally served." Mot. at 6. Nevertheless, despite what Defendants call an "internal error," there is no evidence that the County's failure to file a timely answer was intentional, the result of bad faith conduct, or made to interfere with or manipulate the judicial process. See Mesle, 615 F.3d at 1092. Because carelessness in failure to answer does not constitute culpability, the Defendant County of Sacramento is also not culpable.

### D. Plaintiffs' Counsel's Failure To Respond To Meet And Confer Efforts

The Court issued a November 30, 2018 Minute Order, requiring Plaintiffs' counsel to provide a declaration for why he failed to respond to defense counsel's meet and confer efforts. ECF No. 13. Plaintiffs' counsel declares that he was "on vacation and out of office Monday November 12 through the week of November 26, 2018 so was unable to respond to counselor Fessenden's attempted contacts on the 15th and 16th of November." Sterling Decl., ECF No. 14, p. 7. This explanation does not establish whether Plaintiffs' counsel was unable to access his voicemail and email remotely, or merely chose not to respond. Although this failure to communicate is not condoned, the Court does not find that it warrants sanctions against Plaintiffs' counsel. Similarly, the

Court does not find Defendants' failure to timely respond to Plaintiffs' Complaint provides cause to reimburse Plaintiffs for their attorney fees, given the findings regarding Defendants' lack of culpability and the absence of prejudice suffered by Plaintiffs.

## IV. CONCLUSION AND ORDER

For all of the reasons set forth above:

1. Defendants' Motion to Set Aside the Clerk's Entry of Default is GRANTED;

2. Plaintiffs' request for attorney fees is DENIED;

3. The Clerk of the Court is directed to set aside the default;

4. Defendants shall file and serve their response to Plaintiffs' complaint within twenty (20) days of the date of this order.

IT IS SO ORDERED.

Dated: January 22, 2019

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE