UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Filip Novac; Iudita Novac; A.N., a minor by and through his guardian ad litem; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>County of Sacramento, a public entity; et al.,<br><br>Defendants. | No. 2:18-cv-02232-JAM-KJN<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

On August 15, 2018 Plaintiffs filed a twelve-count complaint against the County of Sacramento and four social workers for the Sacramento Department of Health & Human Services ("DHHS")—Chandra Stewart, Catherine Bryant, Sonya Howell, and Tong Vang (collectively "Social Worker Defendants"). Compl., ECF No. 1. Plaintiffs amended their complaint after Defendants filed a motion to dismiss in March 2019. See Mot. to Dismiss, ECF No. 19; First Am. Compl. ("FAC"), ECF No. 20. Other than joining an additional Plaintiff in the suit, Plaintiffs' First Amended Complaint is substantively identical to their original complaint.

1

See generally FAC. Accordingly, Defendants filed another motion to dismiss which Plaintiffs perfunctorily oppose. Mot. to Dismiss ("Mot."), ECF No. 22, and Opposition to Motion to Dismiss (Opp'n), ECF No. 23.[1]

For the reasons discussed below, the Court GRANTS Defendants' motion. The Court DISMISSES the following claims WITH PREJUDICE:

1. All Section 1983 claims that accrued before August 15, 2016;
2. All Article I, section 13 claims;
3. All common law tort claims against the County; and
4. Section 1983 claims against the Social Worker Defendants that challenge quasi-prosecutorial conduct.

The Court DISMISSES the following claims WITHOUT PREJUDICE:

1. Section 1983 claim against the County;
2. All Unruh Civil Rights Act claims;
3. All Bane Act claims;
4. Section 1983 claims against the Social Worker Defendants that do not challenge quasi-prosecutorial conduct; and
5. All common law tort claims against the Social Worker Defendants.

The Court DENIES Defendants' motion for a more definite statement as MOOT.

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for May 21, 2019.

# I. FACTUAL ALLEGATIONS

Plaintiffs allege Defendants violated federal and state laws when Sacramento DHHS investigated a complaint against Plaintiff Filip Novac, initiated dependency proceedings, and took custody of the Novac children. See generally FAC. At the heart of Plaintiffs' complaint lie allegations that from "January 2016 through present," Defendants:

- Conducted "warrantless searches, seizures, detentions and interrogations" (FAC ¶ 17);
- "Demand[ed] that Plaintiffs sign a 'Safety Plan' to finagle and deceptively break apart the Novac family" (FAC ¶ 17);
- Threatened the Novac children (FAC ¶ 26);
- Deprived Plaintiffs of a fair detention hearing (FAC ¶ 44);
- "Restrained the Novac children by means of physical force and confined them in the foster care system" (FAC ¶ 68); and
- Used "threats, intimidation, deception, fraud, and coercion" to interfere with Plaintiffs' rights under federal and state law (FAC. ¶ 43).

Plaintiffs also allege that the County of Sacramento's "policies, procedures, customs, and/or practices" were "the moving force" behind this conduct. FAC ¶ 38. Plaintiffs fail to identify any specific incidents or policies in support of these allegations.

///

///

3

## II. OPINION

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." A court will dismiss a suit if the plaintiff fails to "state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). At this stage, the Court "must accept as true all of the allegations contained in a complaint." Id. But it need not "accept as true a legal conclusion couched as a factual allegation." Id.

### B. Analysis

#### 1. Statute of Limitations

##### a. Section 1983 Claims

In California, the statute of limitations for Section 1983 claims is two years from the time "the plaintiff knows or has reason to know of the injury which is the basis of the action." Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004). The statute of limitations runs separately for "each discrete act" challenged. RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1061 (9th Cir. 2002) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002)).

Defendants correctly argue that Plaintiffs do not allege when any of their injuries occurred; only that their rights were violated during an "ongoing course of conduct continuing January

2016 through present." Mot. at 3 (quoting FAC ¶ 16). But the continuing violations doctrine—a doctrine that extends the limitation period for otherwise untimely claims when the conduct challenged is sufficiently linked to misconduct that occurred within the limitation period—does not apply when the plaintiff challenges a "discrete act." Tarabochia v. Adkins, 766 F.3d 1115, 1129 n.13 (9th Cir. 2014). Plaintiffs do not refute this or clarify the timeline of their allegations. See generally Opp'n.

Plaintiffs filed their original complaint on August 15, 2018. Accordingly, any of their Section 1983 claims that are predicated on "discrete acts" (i.e., searches, seizures, interrogations) that occurred before August 15, 2016 are barred by the statute of limitations and DISMISSED WITH PREJUDICE.

### b. State Law Claims

Defendants do not argue that any of Plaintiffs' state law claims are barred by the statute of limitations. And the Court may not address statute-of-limitations issues sua sponte without giving Plaintiffs a chance to address them. See Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 686-87 (9th Cir. 1993). If Plaintiffs amend their complaint, they must sufficiently allege compliance with the relevant statute of limitations.

### 2. County of Sacramento

### a. Municipal Liability

Plaintiffs fail to state a Section 1983 claim against the County of Sacramento. As Defendants argue, to state a claim for municipal liability under Section 1983, a plaintiff must allege facts showing (1) a constitutional deprivation; (2) the entity

5

had a custom, policy, or practice; (3) the custom, policy, or practice amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) the custom, policy or practice is the moving force behind the constitutional violation. Mot. at 7 (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Anderson v. Warner, 651 F.3d 1063, 1070 (9th Cir. 2006)).

Plaintiffs' claim municipal liability based on the County's unconstitutional policies as well as its constitutionally-deficient training and supervision of its employees. FAC ¶ 37-41. But as Defendants contend, the complaint merely provides a laundry list of alleged wrongdoings with the word "policy" tacked on to each one. See Mot. at 7. Plaintiffs' four-paragraph opposition fails to meaningfully engage with this argument, taking greater issue with the federal pleading standard than Defendants' characterization of their complaint. See Opp'n at 2-3. Plaintiffs lament, "Defendants here are 99% attempting to try the case on technicalities of pleadings rather than on the merits." Id. at 3. The Court disagrees. Defendants' motion to dismiss holds Plaintiffs to no higher standard than is required by Rule 12(b)(6). Finding nothing more than "legal conclusion[s] couched as [] factual allegation[s]," Iqbal, 556 U.S. at 678, the Court DISMISSES Plaintiffs' claims of municipal liability WITHOUT PREJUDICE.

### b. State Law Claims

Plaintiffs contend the County committed nine common law torts, and violated Article I, section 13 of the California Constitution, the Bane Act, and the Unruh Civil Rights Act.

FAC ¶¶ 42-109. Defendants argue these claims must be dismissed for four reasons: (1) Plaintiffs failed to satisfy the Government Tort Claims Act's ("GTCA") exhaustion requirement, Mot. at 4; (2) Article I, section 13 of the California Constitution does not create a private right of action, Mot. at 8-9; (3) Cal. Gov. Code § 815 bars common law claims against the County "except as otherwise provided by statute," Mot. at 10; and (4) Plaintiffs' allegations fall short of the Rule 12(b)(6) pleading standard, Mot. at 9. Although Plaintiffs did not allege compliance with the GTCA's exhaustion requirement in their complaint, they attached a declaration to their opposition maintaining as much. See Opp'n at 5. The Court must, nevertheless, dismiss these claims.

As Defendants argue, this Court has repeatedly found that Article I, section 13 of the California Constitution does not confer a private right of action. Mot. at 8-9 (citing Leon v. Merced, No. 1:14-cv-01129-GEB-SAB, 2015 WL 135904 at *3; Cabral v. Cnty of Glenn, 624 F. Supp. 2d 1184, 1196 (E.D. Cal. 2019)). Plaintiffs neither contest this nor provide any reason for the Court not to make the same finding here. The Court DISMISSES Plaintiffs' Article I, section 13 claim against the County WITH PREJUDICE.

Furthermore, the Court agrees with Defendants' argument that Plaintiffs' common-law claims against the County are barred by Cal. Gov. Code § 815. That section provides:

> Except as otherwise provided by statute[, a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.

Cal. Gov. Code § 815(a).  Plaintiffs do not identify a statutory bases for the nine common law claims pled against the County. Nor does the Court find one.  Accordingly, the Court DISMISSES Plaintiffs' IIED, assault, battery, false imprisonment, abuse of process, invasion of privacy, declaratory relief, fraud, deceit, false pretense, negligence, negligence per se, and negligent hiring claims against the County WITH PREJUDICE.

Finally, Plaintiffs plead their Bane Act and Unruh Civil Rights Act claims in the same conclusory fashion as their claim for municipal liability.  See supra at 5-6, see also FAC ¶¶ 42-50.  The Unruh Civil Rights Act prohibits discrimination by "business establishments," Cal. Civ. Code § 51, and the Bane Act prohibits intentional violations of a person's rights under federal or state law.  Id. at § 52, see also Reese v. Cty. Of Sacramento, 888 F.3d 1030, 1038, 39 (9th Cir. 2018).  Nearly every relevant paragraph of Plaintiffs' operative complaint consists of conclusions that the County committed these violations.  But to survive a Rule 12(b)(6) motion to dismiss, the complaint must plead factual content that plausibly gives rise to those conclusions.  Iqbal, 556 U.S. at 678-80. Plaintiffs do not set out any factual content that would satisfy the elements of either a Bane Act or Unruh Civil Rights Act claim.  Because the Court cannot "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," id. at 678-79, Plaintiffs' Bane Act and Unruh Civil Rights Act against the County are DISMISSED WITHOUT PREJUDICE.

///

///

### 3. Social Worker Defendants

#### a. Section 1983

Plaintiffs fail to present anything other than legal conclusions in support of their Section 1983 claims against the Social Worker Defendants. The complaint states, "by [] interrogating Plaintiffs, detaining Plaintiffs, seizing and removing the Novac children without lawful notice to Plaintiffs, without Plaintiffs' consent, without legal counsel, and outside of parents' immediate presence," the Social Worker Defendants violated Plaintiffs' "clearly established" First, Fourth, and Fourteenth Amendment rights. FAC ¶¶ 26, 28. Plaintiffs do not supply the Court with factual allegations to satisfy the prima facie elements for any of these claims. For the reasons detailed above, supra at 5-6, and as laid out in Defendants' motion, Mot. at 5-7, the conclusory statements Plaintiffs offer are not enough to state a claim under Rule 12(b)(6).

As Defendants argue, social workers enjoy absolute immunity from Section 1983 suits for damages "when they make discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents" unless Plaintiffs show they "fabricated evidence during an investigation or made false statements in a dependency petition affidavit." Id. This is not, however, a blanket immunity for any action taken by a social worker. See Mabe v. San Bernandino County, Dept. of Pub. Soc. Servs., 237 F.3d 1101, 1106 (9th Cir. 2001). Rather, "the immunity to which a public official is entitled depends not on the official's title or agency, but on the nature of the function that the person was performing when

taking the actions that provoked the lawsuit." Id. The vague nature of Plaintiffs' allegations leaves the Court unable to discern the exact scope of the alleged misconduct. But to the extent Plaintiffs challenge actions related "to the signing and filing [of] dependency and custody petitions," the Court DISMISSES their Section 1983 claims against the Social Worker Defendants WITH PREJUDICE. See Beltran v. Santa Clara County, 514 F.3d 906, 908 (9th Cir. 2008). Otherwise, the Court DISMISSES these claims WITHOUT PREJUDICE.

### b. State Law Claims

#### (i) State Constitution

As discussed above, supra at 7, Article I section 13 of the California Constitution does not confer a private right of action. See also Mot. at 8-9 (citing Leon v. Merced, No. 1:14-cv-01129-GEB-SAB, 2015 WL 135904 at *3; Cabral v. Cnty of Glenn, 624 F. Supp. 2d 1184, 1196 (E.D. Cal. 2019)). Accordingly, the Court DISMISSES Plaintiffs' Article I, section 13 claim against the Social Worker Defendants WITH PREJUDICE.

#### (ii) Remaining State Law Claims

Plaintiffs' Unruh Civil Rights Act and Bane Act claims against the Social Worker Defendants fail for the same reason their Unruh Civil Rights Act and Bane Act claims against the County did, supra at 8—Plaintiffs do not plead the factual content needed to establish a prima facie case. The Court DISMISSES these claims WITHOUT PREJUDICE.

The common law tort claims against the Social Worker Defendants, unlike the ones against the County, are not per se barred under Cal. Gov. Code § 815. Even so, they suffer the same

fatal pleading flaws as all the other claims listed in the complaint.  The Court Dismisses all of Plaintiffs' common law tort claims against the Social Worker Defendants WITHOUT PREJUDICE.

### III.   ORDER

For the reasons detailed above, the Court GRANTS Defendants' Motion to Dismiss and DENIES Defendants' Motion for a More Definite Statement as MOOT.  The Court DISMISSES the following claims WITH PREJUDICE:

1. All claims that accrued before August 15, 2016;
2. Article I, section 13 claim against the County;
3. Article I, section 13 claims against the Social Worker Defendants;
4. All common law tort claims against the County; and
5. Section 1983 claims against the Social Worker Defendants (to the extent Plaintiffs challenge quasi-prosecutorial conduct).

The Court DISMISSES the following claims WITHOUT PREJUDICE:

1. Section 1983 claim against the County;
2. Section 1983 claims against the Social Worker Defendants (to the extent Plaintiffs do not challenge quasi-prosecutorial conduct);
3. Unruh Civil Rights Act claim against the County;
4. Unruh Civil Rights Act claims against the Social Worker Defendants;
5. Bane Act claim against the County;
6. Bane Act claims against the Social Worker Defendants;

and

7. All common law tort claims against the Social Work Defendants.

If Plaintiffs elect to amend their complaint with respect to these claims, they shall file a Second Amended Complaint within twenty (20) days of this Order. Defendants' responsive pleading is due twenty (20) days thereafter.

IT IS SO ORDERED.

Dated: July 8, 2019

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE