|  |  |
|---|---|
| Filip Novac; Iudita Novac; A.N., a minor by and through his guardian ad litem; et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>County of Sacramento, a public entity; et al.,<br><br>    Defendants. | No. 2:18-cv-02232-JAM-KJN<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS; AND SUA SPONTE ORDER DECLINING SUPPLEMENTAL JURISDICTION** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

On August 15, 2018 Plaintiffs filed a civil rights action against the County of Sacramento and four social workers for the Sacramento Department of Health & Human Services ("DHHS")—Chandra Stewart, Catherine Bryant, Sonya Howell, and Tong Vang (collectively "Social Worker Defendants"). Compl., ECF No. 1. Plaintiffs Filip Novac, Iudita Novac, and their minor children levy serious allegations against Defendants, contending they interfered with Filip and Iudita's parental rights, improperly removed the children from their homes, and allowed those children to stay with abusive foster families despite repeated complaints.

1

Defendants filed a motion to dismiss this complaint for, among other reasons, failure to comply with Rule 12(b)(6). See February 2019 Mot. to Dismiss, ECF No. 19. Plaintiffs filed an amended complaint, but it was virtually identical to the original pleading. See First Amended Complaint, ECF No. 20. This led Defendants to file a second motion to dismiss. March 2019 Mot. to Dismiss, ECF No. 22. The Court granted their motion, dismissing four of Plaintiffs' claims with prejudice:

1. Section 1983 claims based on "discrete acts" that occurred before August 15, 2016;
2. All Article I, section 13 claims;
3. All common law tort claims against the County; and
4. Section 1983 claims against the Social Worker Defendants that challenge quasi-prosecutorial conduct.

Order Granting Defs.' Mot. to Dismiss ("Order") at 11, ECF No. 26. The Court also dismissed the following claims without prejudice:

1. Section 1983 claim against the County;
2. All Unruh Civil Rights Act claims;
3. All Bane Act claims;
4. Section 1983 claims against the Social Worker Defendants that did not challenge quasi-prosecutorial conduct; and
5. All common law tort claims against the Social Worker Defendants.

Id. at 11-12.

Attempting to cure the deficiencies in their complaint, Plaintiffs filed a Second Amended Complaint ("SAC"). ECF No. 28.

In form, this complaint differs from the two previous complaints. But in substance, it continues to disregard the requirements of Bell Atlantic v. Twombley, 550 U.S. 544 (2009); Ashcroft v. Iqbal, 556 U.S. 662 (2009); and the line of binding cases that follow. For this reason, and those discussed below, the Court GRANTS IN PART Defendants' most recent motion to dismiss.[1] See Mot. to Dismiss ("Mot."), ECF No. 33. Specifically, the Court DISMISSES Plaintiffs' Section 1983 claims against the County and the Social Worker Defendants WITH PREJUDICE.

Untethered to any federal law claims, Plaintiffs' state law claims are better suited for review in state court. See 28 U.S.C. § 1367(c)(3). The Court therefore declines to exercise supplemental jurisdiction over Plaintiff's Bane Act, Unruh Civil Rights Act, and common law tort claims which now must be pursued in an appropriate state court.

## I. OPINION

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." A court will dismiss a suit if the plaintiff fails to "state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for September 10, 2019.

that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). At this stage, the Court "must accept as true all of the allegations contained in a complaint." Id. But it need not "accept as true a legal conclusion couched as a factual allegation." Id.

Plaintiffs' counsel's criticism of the Rule 12(b)(6) pleading standard places him in the company of countless advocates and legal scholars. See Adam N. Steinman, The Rise and Fall of Plausibility Pleading, 69 Tex. L. Rev. 333, 335 n.5 (2016). But in suggesting this Court is not bound by Iqubal and its progeny, counsel stands alone. While true that Plaintiffs "are not required to prove their case from the outset," they must nonetheless "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." See Opp'n at 2, ECF No. 34; see also Iqbal, 556 U.S. at 678. This necessarily requires the claimant's allegations to track the prima facie elements of the claims brought. Id. at 682-83.

Plaintiffs' counsel insists that "Defendants here are 99% attempting to try the case on technicalities of pleadings rather than on the merits," Opp'n at 3, but fails to see that preventing poorly-pled claims from unlocking the doors of discovery is precisely what Rule 12(b)(6) aims to do. Iqbal, 556 U.S. at 668-69. If counsel seeks to avoid the federal rules, his choice of forum should reflect that.

B. Analysis

1. Continuing Violations Doctrine

In its July 19, 2019 Order, the Court discussed the statute

of limitations for Section 1983 claims as well as the continuing violations doctrine. Order at 4-5. The Court was unable to determine from the complaint when Plaintiffs' claims occurred, so it simply dismissed with prejudice all Section 1983 claims that accrued before August 15, 2016 and were predicated on Defendants' "discrete acts." Id.

Plaintiffs' Second Amended Complaint states, "In keeping with this Court's motion to dismiss ruling, Plaintiffs expressly do not assert any 42 USC section 1983 [sic] claims that accrued before August 15, 2016." SAC ¶ 229. Taking this representation as true, Defendants' motion to dismiss does not challenge the Section 1983 claims in Plaintiffs' complaint on statute of limitations grounds. See Mot. at 7-10. As noted in their Reply, ECF No. 35, Defendants only challenge the timeliness of Plaintiffs' state tort claims. Reply at 2. Even so, Plaintiffs dedicate a significant portion of their opposition brief to the argument that the continuing violations doctrine renders their Section 1983 claims timely. See Opp'n at 5-6, 7-9. To the extent these arguments challenge the Court's prior ruling, it is barred by the law-of-the case doctrine. Mot. at 7; Butcher v. City of Marysville, No. 2:18-cv-02765-JAM-CKD, 2019 WL 3337888, at *3 (E.D. Cal. July 25, 2019). And to the extent that they aim to defeat Defendants' motion to dismiss, the arguments are wholly non-responsive. The Court declines to re-adjudicate an apparently undisputed issue.

    2.   Section 1983 Claim against the County

Counties and county departments are subject to municipal liability under 42 U.S.C. § 1983. See Mabe v. San Bernadino

5

County, Dept. of Pub. Soc. Services, 237 F.3d 1101, 1111 (2001). As explained in this Court's previous dismissal order, to state a claim for municipal liability under Section 1983, a plaintiff must allege facts showing (1) plaintiff(s) suffered a constitutional deprivation; (2) the County had a custom, policy, or practice; (3) the custom, policy or practice amounted to deliberate indifference to the plaintiff's constitutional rights; and (4) the custom, policy, or practice was the moving force behind the constitutional violation. Order at 5-6 (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Anderson v. Warner, 651 F.3d 1063, 1070 (9th Cir. 2006)).

Again, Plaintiffs set forth no more than conclusory allegations in support of their claim that the County had an unconstitutional custom, policy, or practice. Appearing to rely upon a respondeat superior theory of liability, Plaintiffs rest their case against the County upon the shoulders of the Social Worker Defendants' alleged misconduct. See SAC ¶¶ 240-246. Plaintiffs allege the Social Worker Defendants "executed, ratified, authorized [sic] policies practices and/or customs of DHHS and County that unlawfully dictated removal of one or more children from their parents when a parent refuses to sign a Safety Plan." SAC ¶ 23. But a county may only be held liable for a county official's conduct under Section 1983 when the official is "responsible for establishing final government policy respecting [the] activity [at issue]." Pembaur v. City of Cincinnati, 475 U.S. 469, 482-83 (1986). There is no indication that the Social Worker Defendants had final policymaking authority for the County. Without such authority, a county

6

employee's alleged misconduct cannot give rise to a claim of municipal liability.  Id. at 483.

Plaintiffs' complaint also alleges the County "established and/or followed policies, procedures, customs, and/or practices" that violated Plaintiffs' constitutional rights by:

- Detaining and/or removing children from their family and homes without exigent circumstances, court order, and/or consent;
- Removing children from their family without first obtaining a warrant;
- Examining children without exigency, need, or proper court order, and without presence and/or consent of their parent;
- Opening "companion referrals" against a child any time one parent is accused of a crime involving a minor;
- Coercing parents to sign off on a Safety Plan any time a co-parent is alleged to have committed a crime against a minor;
- Acting with deliberate indifference in implementing a policy of inadequate training and/or supervision; and
- "Trumping up" reasons for seizing children "as a means of intimidating parents . . . into entering into unnecessary Safety Plans, thereby enabling the county to keep the family locked up in the juvenile dependency system."

SAC ¶ 243.  These conclusions, like those included in the original and First Amended Complaint, are not supported by the factual allegations in the complaint.  See generally SAC.  Even if the Court found the allegations gave rise to Section 1983

7

claims against the Social Worker Defendants, Plaintiffs' complaint still fails to properly allege that their conduct flowed from an unconstitutional custom, policy, or practice. Defendants raise this argument for the third time in their most recent motion to dismiss. Mot. at 8-10. See also February 2019 Mot. to Dismiss, ECF No. 19; March 2019 Mot. to Dismiss, ECF No. 22. Plaintiffs, again, fail to substantively oppose Defendants' argument.

Plaintiffs, therefore, have not set forth a claim of municipal liability under Section 1983 against the County Defendant. Despite Plaintiffs request, the Court finds granting leave to amend would be futile. The Court, therefore, DISMISSES Plaintiffs' Section 1983 claim against the County of Sacramento WITH PREJUDICE.

### 3. Section 1983 Claims against the Social Worker Defendants

Plaintiffs likewise fail to cure the deficiencies in their Section 1983 claims against the Social Worker Defendants. In the Court's July 2019 Order, it found the complaint did not clearly identify whether Plaintiffs were challenging quasi-prosecutorial conduct—a category of conduct by social workers that, absent certain exceptions, enjoys absolute immunity from suit for civil damages. Order at 9-10 (citing Mabe, 237 F.3d at 1106). Social workers engage in quasi-prosecutorial conduct when they initiate, pursue, or testify in dependency proceedings. Id. at 1109. Social workers are not, however, entitled to absolute immunity "from claims that they fabricated evidence during an investigation or made false statements in a dependency petition

8

that they signed under penalty of perjury." Beltran v. Santa Clara County, 514 F.3d 906, 908 (9th Cir. 2008). The Court previously dismissed with prejudice Plaintiffs' Section 1983 claims against the Social Worker Defendants to the extent that they challenged quasi-prosecutorial conduct. Order at 9-10. To the extent that Plaintiffs' Section 1983 claims against the Social Worker Defendants were not predicated on quasi-prosecutorial conduct, the Court dismissed the claims without prejudice. Id.

          a. Quasi-Prosecutorial Conduct

The majority of Plaintiffs' allegations flow from the manner in which the Social Worker Defendants initiated and pursued the dependency proceedings. See SAC ¶¶ 30-32, 39, 42-46, 48-222. Plaintiffs allege Stewart, Bryant, and Howell pressured Iudita and the children to make false statements against Filip; coerced Filip and Iudita into signing a Safety Plan; refused to impose the parents' religious beliefs onto the children's foster homes; failed to provide necessary services; placed the children in separate foster homes; cancelled visits; blocked phone calls; kept the children with abusive and neglectful foster families; misrepresented the status of Iudita and Filip's parental rights; and generally allowed the parents' rights to be violated. Id. At this stage of the proceedings, the Court, of course, takes these accusations as true. But the grave nature of these allegations does not change the fact that this conduct occurred during the initiation and pursuit of dependency proceedings—well within the scope of the Social Workers' immunity.

Plaintiffs contend the quasi-prosecutorial essence of the

Social Worker Defendants' conduct does not give rise to absolute immunity because the complaint alleges they fabricated evidence and made false statements. Opp'n at 11. The Court found four allegations of false statements in the Second Amended Complaint. The first two allegations—that the translators mistranslated words during interviews, SAC ¶¶ 47, 57, and that members of Filip's family made false accusations against him, SAC ¶¶ 18, 45—involve statements that were made to, rather than by, the Social Workers. But nothing in Beltran suggests social workers lose their immunity if they rely upon statements by others that later turn out to be false.

The third and fourth misrepresentations Plaintiffs identify are Tong's statement the Novacs did not have any food in the house, SAC ¶ 32, and Bryant's statement that the Novac parents refused to take I.N. to a scheduled dental appointment, SAC ¶ 164. The Court assumes for the purpose of this motion that Tong's and Bryant's statements were, in fact, false. Accordingly, they are stripped of their absolute immunity for any claims arising out of those statements. But the absence of immunity does not give rise to liability. Plaintiffs still bear the burden of alleging how these statements gave rise to liability under Section 1983. This, they have failed to do. Accordingly, the Court DISMISSES Plaintiffs' Section 1983 claims predicated on the Social Workers' quasi-prosecutorial conduct WITH PREJUDICE.

### b. Non-Prosecutorial Conduct

Plaintiffs also challenge non-prosecutorial conduct by the Social Worker Defendants—namely, the interrogation of the minor

children without the parents'; entry into the Novacs' home without a warrant or exigent circumstances; and the removal of the Novac children from their home. SAC ¶¶ 19, 27-29, 250. When social workers are not engaged in quasi-prosecutorial conduct, they are afforded qualified, rather than absolute, immunity. See Mabe, 237 F.3d at 1106. "Qualified immunity shields a government official from liability for civil damages if (1) the law governing the official's conduct was clearly established; and (2) under that law, the official objectively could have believed that her conduct was lawful." Id.

Plaintiffs' allegations do not defeat the Social Workers' qualified immunity defense. Their complaint states:

> [T]he right to familial association guaranteed under . . . the First, Fourth, and Fourteenth Amendments is "clearly established" such that a reasonable social services agent in Defendants' situation would know it is unlawful to question, threaten, examine, or search a child in the absence of exigent circumstances, and outside of the presence of her parents, without first obtaining judicial authorization or parental consent.

SAC ¶ 231. Plaintiffs later cite to Mabe, 237 F.3d at 1101. SAC ¶ 237. Mabe affirms the general proposition that "parents [may] not be separated from their children without due process of law except in emergencies." Id. at 1107. It also holds that social worker defendants are not entitled to summary judgment on qualified immunity grounds when there is an issue of material fact about whether the social workers reasonably believed exigent circumstances existed. Id. at 1107-09.

But Plaintiffs do not challenge the Social Worker Defendants' reasonable belief that exigent circumstances existed

when they visited the Novac home, interviewed the children, and removed the children the parents' custody. Indeed, Plaintiffs admit Filip's relative reported him to DHHS for engaging in "illegal or inappropriate" behavior. SAC ¶ 18. CPS had received an anonymous report of domestic violence. SAC ¶ 27. Iudita signed CPS papers saying that Filip "forced sex on her and abused the kids." SAC ¶ 45. And Iudita's sister reported similar abuse; as did the children. Id. Plaintiffs do not contend it was unreasonable for the Social Worker Defendants to believe these allegations gave rise to exigency. Rather, they seem to argue that exigency could not have existed because the people making the abuse accusations against Filip were lying. See SAC ¶¶ 18, 27, 45. The veracity of the abuse accusations is only relevant to the qualified immunity analysis if an objectively reasonable social worker would have known Iudita, the children, and Filip's relatives were not telling the truth—something the complaint does not allege. The allegations in Plaintiffs' complaint do not defeat Social Worker Defendants' qualified immunity. Nor does the silence in Plaintiffs' opposition. The Court DISMISSES Plaintiffs' Section 1983 claims predicated on the Social Workers' non-prosecutorial conduct WITH PREJUDICE.

        4.    Supplemental Jurisdiction

A district court may sua sponte decline to exercise supplemental jurisdiction over pendant state law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Court had original jurisdiction over Plaintiffs' Section 1983 claims against the County and the Social Worker Defendants. 28 U.S.C. § 1331. Both

of those claims have been dismissed with prejudice. This Court finds no reason or good cause to proceed with a case comprised of purely state law claims. The Court, therefore, declines to exercise supplemental jurisdiction over these remaining claims. If Plaintiffs wish to pursue these claims they must do so in the appropriate state court.

## II. ORDER

For the reasons set forth above, the Court GRANTS IN PART Defendants' motion to dismiss. Specifically, Plaintiffs' Section 1983 claims against the County and the Social Worker Defendants are DISMISSED WITH PREJUDICE. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and orders the clerk of this court to close this case.

The Court also finds Defendants' eight-page reply memorandum violated the Court's standing order on page limits. Order re Filing Requirements at 1, ECF No. 3-2 (limiting reply memoranda in support of motions to dismiss to five pages). The Court did not consider any arguments made after page five of Defendants' reply. Defense counsel (not the client) is ORDERED to send a check payable to the Clerk for the Eastern District of California for $150.00 no later than seven days from the date of this Order.

IT IS SO ORDERED.

Dated: October 21, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE